# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-440 PA (DTBx) | Date | April 19, 2017 |
|---|---|---|---|
| Title | Manuel Calderon v. Ashley Furniture Industries, Inc. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| V.R. Vallery | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Ashley Furniture Industries, Inc. ("Ashley Furniture").  Ashley Furniture asserts that this Court has jurisdiction over the action brought against it by plaintiff Manuel Calderon ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that there is complete diversity of citizenship between Ashley Furniture and Plaintiff.  (Notice of Removal, ¶¶ 13-17.)  However, Plaintiff has filed a Motion for Leave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-440 PA (DTBx) | Date | April 19, 2017 |
|---|---|---|---|
| Title | Manuel Calderon v. Ashley Furniture Industries, Inc. | | |

to Amend (Docket No. 18) which represents that he inadvertently omitted Marco Rodriguez ("Rodriguez") from the Complaint's caption, and therefore requests leave to amend the caption to include Rodriguez as a defendant.

Under the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10(a). However, in the Ninth Circuit, "the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983); cf. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014).

A review of the body of Plaintiff's Complaint amply demonstrates that Plaintiff intended to name Rodriguez as a defendant. The first paragraph of the Complaint asserts that "Plaintiff . . . complains of . . . Marco Rodriguez." (Notice of Removal, Ex. A at 1 (capitalization omitted).) The Complaint specifically refers to Rodriguez as a "Defendant." (See id. ¶ 3.) Approximately half of the Complaint's "factual summary" section describes Rodriguez's actions. (See id. ¶¶ 16-20.) Finally, Plaintiff's first through seventh causes of action each complain of Rodriguez's conduct, and Plaintiff's seventh cause of action for harassment is specifically asserted against Rodriguez. (See id. ¶¶ 33, 36, 54-55, 58-59, 76-78, 92-95, 107, 118, 132-33, 136-38, 140.) As such, the Court concludes that Rodriguez is a defendant in this action despite Plaintiff's failure to include him in the Complaint's caption. See Rice, 720 F.2d at 1085.

As the party attempting to invoke the Court's diversity jurisdiction, Ashley Furniture has the burden to establish complete diversity among the parties by affirmatively alleging each party's citizenship. See Kanter, 265 F.3d at 857. Neither the Notice of Removal nor Plaintiff's Complaint or Proposed Amended Complaint allege Rodriguez's citizenship. As a result, the Notice of Removal's allegations are insufficient to invoke the Court's diversity jurisdiction. Moreover, it appears that the parties agree that Plaintiff and Rodriguez are not diverse from one another. (See Declaration of Inna Kaminer in Support of Motion for Leave to Amend, ¶ 15 ("Defendant took advantage of Plaintiff's inadvertent error to remove the case knowing that there is no diversity of jurisdiction . . . ."); id., Ex. 7 ("Defendant cannot stipulate to Plaintiff's filing of his proposed first amended complaint. As a diversity-destroying amendment, it would be analyzed with heightened scrutiny.").)

For all of the foregoing reasons, Ashley Furniture has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to San Bernardino County Superior Court, Case No. CIVDS1619534, for lack for subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-440 PA (DTBx) | Date | April 19, 2017 |
|----------|------------------------|------|----------------|

| Title | Manuel Calderon v. Ashley Furniture Industries, Inc. |
|-------|-------------------------------------------------------|

The Court denies Plaintiff's Motion for Leave to Amend (Docket No. 18) as moot. The Court vacates the Scheduling Conference currently calendared for April 24, 2017.

IT IS SO ORDERED.